**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RUSSELL WHITFIELD, JR.** | : | **CIVIL ACTION** |
| **v.** | : | |
| **HARRY WILSON, et al.** | : | **NO. 08-cv-1163** |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified in relevant part as 28 U.S.C. §§2241-2266)  deals with the right of all persons in state custody, or in federal custody, to file a petition in federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, or by federal law, or by a treaty entered into by the United States, have been violated.

Petitioner filed a petition in this court seeking habeas corpus relief pursuant to 28 U.S.C. §2254 on March 7, 2008, which the Clerk of this Court properly labeled as 08-cv-1163.  Together with his habeas corpus petition, petitioner also submitted a statement to this court in 08-cv-1163, in which he claims that he is in the process of exhausting his state court remedies before the Courts of the state of Pennsylvania, pursuant to that state's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§9541 et seq.[1]  Petitioner requests that consideration of that habeas corpus petition be held in

---

[1]A state prisoner must present all of his claims to the highest appellate court of that state before a federal district court may consider them as part of a 28 U.S.C. §2254 habeas; this is referred to as the need to "exhaust" state remedies. Slack v. McDaniel, 529 U.S. 473 (2000).  Accord, O'Sullivan v. Boerckel, 526 U.S. 838

abeyance until some time in the future.

Normally, 28 U.S.C. §2244(d)(2) protects a prisoner from the risk of having his AEDPA statute of limitations period lapse during the pendency of a "properly filed" state petition; accordingly, dismissal without prejudice is typically the proper course of action in such situations.[2]  However, if the state court finds that the state petition is untimely, then that state petition is not considered to be "properly filed" for purposes of 28 U.S.C. §2244(d)(2).[3]  The possibility of the petitioner being confused in such a situation would justify *__a stay__* of this court's consideration of his petition (and *__not a dismissal without prejudice__*), provided that:[4]

I.     The petitioner had good cause[5] for his failure to exhaust; **and**,
II.    The unexhausted claims are potentially meritorious; **and**,
III.   There is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

This court understands the difficult position that AEDPA's strict and short statute of limitations has created for petitioner.  Accordingly, this                    Day of March, 2008, it is hereby **ORDERED** as follows.

---

(1999).

[2]Harris v. Beard, 393 F.Supp. 2d 335 (E.D. Pa. 2005).

[3]Pace v. DiGuglielmo, 544 U.S. 408 (2005); Satterfield v. Johnson, 434 F.3d 185 (3rd Cir. 2006).

[4]Rhines v. Weber, 544 U.S. 269 (2005); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004); Harris v. Beard, 393 F.Supp. 335 (E.D. Pa. 2005).

[5]     A petitioner's confusion about whether a state filing would be timely will ordinarily constitute "good cause" for a petitioner to file in federal court and request an abeyance.  Rhines v. Weber, 544 U.S. 269 (2005); Pace v. DiGuglielmo, 544 U.S. 408 (2005).

1.     08-cv-1163 is **STAYED** pending ***either:***
   A.     disposition by the courts of the state of Pennsylvania of petitioner's
          attempts to exhaust his state court remedies; ***or,***
   B.     further notice by this court.

2.     The Clerk of this Court shall place 08-cv-1163 in civil suspense and mark
       it **CLOSED** for statistical purposes only.

3.     Petitioner is placed on formal notice that in the event of a negative final
       decision of the Supreme Court of Pennsylvania with regard to his petition
       filed in Pennsylvania state court pursuant to 42 Pa.C.S. §§9541 et seq.,
       that if he wishes that the arguments made in 08-cv-1163 be considered
       by this court on the merits, that he shall so notify this Court in writing
       ***within thirty (30) days*** of that negative final decision of the Supreme
       Court of Pennsylvania, and that if petitioner does so notify this court
       ***within thirty (30) days*** of that negative final decision of the Supreme
       Court of Pennsylvania, that the stay imposed by this Order in 08-cv-1163
       shall be **LIFTED** by this court, with March 11, 2007 being considered as
       the date on which 08-cv-1163 was filed for purposes of the statute of
       limitations of 28 U.S.C. §2244(d).

                    **s/ ROBERT F. KELLY**
                    **ROBERT F. KELLY, U.S. District Judge**

3